**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM F. GILYARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:04CV1092-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On August 17, 2004 Movant requested relief under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. A request was granted to supplement the motion for relief under § 2255 on September 14, 2004 (#4). Further request to supplement the § 2255 motion was filed March 7, 2005 (#16). On January 17, 2006 still another motion request (#20) to supplement the § 2255 motion was granted.

On February 15, 2005 the United States answered the motion requests that were in existence at that time (#9). There has been no response to the supplementation of March 7, 2005 and January 17, 2006. On April 28, 2005, Movant replied to the Government's response (#19).

Before considering the request for relief, the Court notes that there are many duplications in the supplemental requests of Movant. For illustration, the motion to supplement filed September 14, 2004 and the motion to supplement filed March 7, 2005 are virtually identical. The Drug Enforcement Administration (DEA) report of investigation forms are the same in each filing. The reports of the Maryland Heights, Missouri police department are the same in each filing. The four grounds asserted as supplemental issues are the same.

There are also similarities in the request of January 17, 2006. In that filing, Movant reasserts the search and seizure problem set out in the earlier supplements.

In fact, in the initial motion filed August 17, 2004, Movant refers throughout to the motion to amend and/or supplement that is to be filed at a later time. Accordingly, the Court can address the issues that were jointly presented in the initial motion and all of the supplemental motions. These issues are as follows:

"<u>Ground I:</u>   Ineffective Assistance of Counsel

Petitioner alledges (sic) that he was denied Effictive (sic) Assistance of Counsel in Violation of his Sixth Amendment Right through Counsel's failure to preserve and argue Petitoner's (sic) standing of his Fourth Amendment Right to be free from illegal Search and Seizure.

<u>Ground II:</u>   Ineffective Assistance of Counsel

Petitioner alledges (sic) that he was denied Effective Assistance of Counsel where Trial Counsel failed to use Mitigating Evidence (Police Reports, D.E.A. -6 Reports) to impeach Government Agent's Testimony.

<u>Ground III:</u>   Ineffective Assistance of Counsel

Petitioner alledges (sic) that he was denied Effective Assistance of Counsel when Counsel failed to confer with Petitioner on a Critical Aspect of the Defence (sic).

<u>Ground IV</u>: <u>The District Court Violated Petitioner's Fifth Amendment Due process right to the Sixth Amendment's Notice and Jury Trial Guarantee, thus denying him a fair and impartial hearing and/or trial</u>.

The Petitioner alledges (sic) that the District Court Violated Petitioner's Due Process and Sixth Amendment right to have the Jury Determine All elements of his charged offense that were essential to his sentence."

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' <u>Id.</u> Second, the defendant must show prejudice. <u>Id.</u> To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' <u>Id.</u> *accord* <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.')

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D.Ia.), United States v. Trotter, 2002 WL 827416 (D. Neb.), United States v. Knagmuhs, 2000 WL 34031866 (N.D. Ia.).

### Ground I

Movant asserts that when he was arrested on April 11, 2001 near Apartment D at 658 Geoffrey in University City, Missouri the arresting officers illegally entered the apartment and seized items that should not have been admitted into evidence because the search and seizure was illegal. Movant maintains that his Fourth Amendment right was violated and that his counsel was ineffective in failing to present this issue in pretrial motions or at the time of trial, as well as to assert this alleged violation on appeal.

The Government argues that these failures constituted a procedural default and precludes Movant from raising this issue for the first time in a § 2255 motion. In addition, the Government states that Movant was not prejudiced in any event because the only seizure was that of a digital scale and it was not used in evidence in the case.

As set out earlier in DeJan, 208 F.3d at 685, the failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. In response, Movant cites Alaniz v. U.S., 351 F.3d 365, 367 (8th Cir. 2003), quoting Massaro v. U.S., 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

The Eighth Circuit in Alaniz did, in fact, state that there is a procedural default when a claim was not raised on direct appeal. The Court went on to say that "However, he did not procedurally default his claim that his lawyer was ineffective for failing to challenge the Court's improper aggregation of the marijuana and the methamphetamine to trigger a higher statutory penalty range." Alaniz at 367.

This Court rules here that Movant did not procedurally default his claim that his lawyer was ineffective in connection with the search and seizure problem. Nonetheless, here as in Alaniz this Court finds that Movant has the burden under the Strickland framework to show that his lawyer's performance fell below the minimum standards of professional competence and that there is a reasonable probability that the result of the proceedings would have been different had his lawyer performed competently. Assuming that Movant's counsel performed deficiently, the Court must also determine whether Movant was prejudiced by any deficient performance of his lawyers.

The record shows that on April 17, 2001 Movant was arraigned and he was given a period of time to file whatever motions appeared appropriate. Motions to suppress were, in fact, filed April 27, 2001 (#23 and #24).

The motions were refiled by counsel June 4, 2001 (#52). An evidentiary hearing on the motions was held before the Magistrate Judge June 6, 2001 (#62). Testimony was given, exhibits were received and arguments of counsel heard.

The Magistrate Judge issued a Report and Recommendation July 5, 2001 which was adopted by this Court August 28, 2001 (#90). This Court ordered that statements made by Movant on April 11, 2001 following his arrest were suppressed and not to be received in evidence. It was further ordered that the statements made by Movant to Agent Solek on the morning of April 12, 2001 as they drove to the courthouse are not suppressed and those statements may be used in evidence against Movant.

The suppression argument was reaffirmed by counsel for Movant during trial, and the Court denied the motion following its earlier order. It therefore appears to the Court from the record that Movant's counsel exercised diligence in attempting to suppress the evidence that Movant now feels was illegal.

The Court is unsure as to the position of Movant concerning the alleged seizure on April 11, 2001. On page 5 of the September 14, 2004 supplement to the initial § 2255 motion, Movant states that "At one point during the search, Agent Solek existed (exited) the apartment with a digital scale in his hand, which had been inside the apartment." It was not until Movant filed his reply to the Government's response on April 28, 2005 that Movant asserted on page 9 that the search resulted in an illegal seizure of assorted bills in the name of William Gilyard, his clothes, glass jars, a kitchen pot seized from the stove with traces of cocaine and kilo wrapping paper with traces of cocaine taken from the trash. These assertions are important because the digital scale was seized at one time and the remaining items were seized at another.

A review of the DEA form - 6 which Movant attaches to all of his pleadings recounts the facts. Movant was indicted for possession with intent to distribute cocaine base. Arrest warrants were issued pursuant to the indictment and at 5:45 p.m. April 11, 2001 Detectives Delia and

Robinson observed Movant exit Apartment D at 658 Geoffrey, University City, Missouri. They arrested Movant in compliance with the warrant. Special Agent Solek came to the scene and Movant denied living at Apartment D and stated that the apartment belonged to his girlfriend Jennifer Harris.

At the time of his arrest, Movant possessed a key for the apartment door and Solek took the key and knocked on the door of Apartment D with no response. Solek then used the key which unlocked the door. He entered the apartment to verify that it was unoccupied and left the apartment having seized a digital scale.

At 10:00 p.m. on April 11, 2001 Solek and other officers interviewed Jennifer Harris who stated that she rents Apartment D but generally stays at 9020 Sherland, Overland, Missouri. Harris granted the officers permission and consent to search Apartment D. After receiving the consent at 10:30 p.m., Solek and other officers searched the apartment and seized a small digital scale, certain utility bills, a glass jar with cocaine residue and numerous pieces of plastic wrap, one package of which was coated in a white powder, suspected to be cocaine.

The Court finds that after receiving permission from Harris, Movant's girlfriend, the search and seizure was legal and not in violation of defendant's Fourth Amendment rights. In fact, defendant denied that the apartment was his and the consent to search was given by the lessee of the apartment. The only possible violation of the officers was the initial seizing of the digital scale. As Harris was the lessee of the apartment she would be the only one having the right to complain, and she later gave her consent. Thus, the Court finds that counsel was not ineffective for failing to pursue an alleged improper search and seizure in any greater degree than was used. Movant certainly has no standing to argue that there was an illegal search and seizure when the seizure, if illegal at all, was of premises which Movant denied being involved with.

Movant cites the case of U.S. v. Brown, 408 F.3d 1049 (8th Cir. 2005) to support his position. In that case, the Court considered the question of whether a person had standing to challenge the search of a residence when there was no evidence that that person had any reasonable expectation of privacy in the residence because he was not present during the search and did not live at the residence and did not have a key to the residence. The Court examined certain factors in determining if one has a reasonable expectation of privacy which includes whether the individual had possessory interests, whether the individual could exclude others, and whether the individual had a key. U.S. v. Mendoza, 281 F.3d 712, 715 (8th Cir. 2002).

This Court concludes that Movant had no reasonable expectation of privacy in the home of his girlfriend. The fact that Movant had a key and was seen to exit the apartment is not sufficient to give him that expectation of privacy. He was present when the initial entry was made but was outside the apartment and did not go in the apartment with the officers. He certainly was not present when the consensual search was given. Movant told the officers that the apartment was not his and that he did not live there. There was nothing to show he could exclude others or had a possessory interest other than the key. Even assuming that the initial search was illegal, the later consensual search was not. Certainly Movant cannot assert a reasonable expectation of privacy when the renter of the apartment gives the consent to search. As stated earlier, the digital scale was the only item removed from the initial search and it was not used in evidence. The only items used in evidence were those seized following the consensual search. Counsel's performance did not render the result of the trial unreliable or the proceeding fundamentally unfair in failing to advance Movant's position in the way that he might have preferred.

Ground II

The only document that the Court can find filed by Movant addressing the issue in Ground II is on page 10 of the supplement filed September 14, 2004 (#4). Movant suggests that his counsel failed to use police reports to impeach government agents, and in particular Agent Solek and Detective Robinson.

The Court's personal recollection of the trial was that counsel for Movant, in fact, did attempt to impeach the two witnesses when they testified on behalf of the government. Various reports were used by counsel during the cross-examination of these officers.

Movant avers that there was a three-way call made with Movant being one of the three persons and that the documents made available to counsel were not utilized properly in the cross-examination process.

Movant has failed to offer any evidence to show that had counsel used whatever documents movant is referring to in the cross-examination process the outcome of the trial would have been different. It is certainly easy for Movant to impugn the trial strategy of his counsel when he has no proof to support a different result if the strategy had been changed.

In fact, this issue was presented by Movant's counsel on appeal and ruled against him. <u>U.S. v. Pherigo</u>, 327 F.3d at 694. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255. <u>U.S. v. Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001), <u>U.S. v. McGee</u>, 201 F.3d 1022, 1023 (8th Cir. 2000).

### Ground III

It is difficult to discern the point that Movant is making. It appears that the only reference to this ground is set out on the supplement filed by Movant September 14, 2004 on page 12.

Apparently, there was some conversation concerning "Dennis" and Movant and "Owen"

which had to do with the trial strategy. Movant states "and my lawyer sat back and let this happen because he failed to confer with me a critical aspect of the defense." Again, on the basis of the material supplied in the supplements to the motion claim, it is impossible for this Court to determine what the critical aspect was that Movant was referring to. The Court cannot speculate as to what this was nor can it determine that counsel's failure by an apparent act of omission could have caused the result to be any different.

Ground IV

The Court will treat this ground as an Apprendi, Blakeley, Booker issue.[1]

In United States v. Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakeley, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakeley from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523.

This case was tried in September 2001. The appeal was submitted November 6, 2002. The opinions had been handed down before then in Teague v. Lane and U.S. v. Moss, supra. Blakeley was not decided until 2004. Accordingly, this Court cannot find that trial and appellate counsel for Movant failed to provide a proper standard of legal care to Movant on this point.

This Court finds that Movant has failed to meet his burden of proof in showing that his trial

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakeley v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

and appellate counsel's performance fell below an objective standard of reasonableness. He has not shown that but for his counsel's asserted unprofessional errors, the results of the proceedings would have been different. Accordingly, his request for relief under § 2255 should be denied.

Dated this __27th__ day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE